**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA J. ROBBINS, | ) No. CV 13-7307-AS |
| | ) |
| Plaintiff, | ) **MEMORANDUM AND OPINION** |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROCEEDINGS**

Plaintiff Pamela J. Robbins ("Plaintiff"), a former proof machine operator at a bank, asserts disability since February 1, 2007, based on alleged physical and mental impairments. (A.R. 129—135.) The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert ("VE") on March 28, 2012. (A.R. 26—30.) The ALJ denied Plaintiff benefits in a written decision. (A.R. 11—22.) The Appeals Council denied review of the ALJ's decision. (A.R. 1—3.)

1

On October 9, 2013, Plaintiff filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), alleging that the Social Security Administration erred in denying her disability benefits. (Docket Entry No. 3.) On February 7, 2014, Defendant filed an Answer to the Complaint, and the Certified Administrative Record ("A.R."). (Docket Entry Nos. 13, 14.)  The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 9, 10.) On April 30, 2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim. (Docket Entry No. 15.)

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

"Social Security disability benefits claimants have the burden of proving disability." Bellamy v. Sec'y Health & Human Serv., 755 F.3d 1380, 1380 (9th Cir. 1985).  A claimant is disabled if she has the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In order to determine whether a claimant is disabled, ALJs follow a five-step process set forth in 20 C.F.R. § 404.1520(a)(4).  "The claimant bears the burden of proving steps one through four."  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

At step one, the ALJ must determine whether or not the claimant is actually engaged in any "substantial gainful activity," as defined

by 20 C.F.R. § 404.1572.   If claimant is not so engaged, the evaluation continues to step two.   See 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the ALJ determines whether the claimed physical or mental impairments are severe.   20 C.F.R. § 404.1520(a)(4)(ii).   When determining severity, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe."   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing 42 U.S.C § 423(d)(2)(B)).   Impairments are considered severe unless the evidence "establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"   Id. at 1290 (quoting Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)).   "[I]f the ALJ concludes that the claimant does have a medically severe impairment, the ALJ proceeds to the next step in the sequence."   Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); see 20 C.F.R. § 404.1520(a)(4)(ii).

At step three, the ALJ considers whether the claimant's severe impairments are disabling.   20 C.F.R. § 404.1520(a)(4)(iii).   The claimant is considered disabled if her purported conditions meet or are medically equivalent to a listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1.   Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   "[An] impairment is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment."   20 C.F.R. 404.1526.   "Medical equivalence must be based on medical findings[]" rather than "[a] generalized assertion" or opinion testimony

3

regarding "functional problems." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1526).

If the ALJ concludes that claimant is not disabled at step three, the ALJ moves to step four and considers whether the claimant can return to her past relevant work. Burch, 400 F.3d at 679; See 20 C.F.R. § 404.1520(a)(4)(iv). In order to do so, the ALJ determines claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). A claimant's RFC is "what [claimant] can still do despite [claimant's] limitations," and is "based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. 416.945(a)(1). If the claimant's RFC dictates that she can return to her past relevant work, she is not considered disabled. Burch, 400 F.3d at 679.

If the claimant proves in step four that she cannot return to her past relevant work, the ALJ proceeds to step five. 20 C.F.R. § 404.1520(a)(4)(v). At step five "the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." Embrey v. Bowden, 849 F.2d 418, 422 (9th Cir. 1988). At this point, ALJs "can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy." Tackett, 180 F.3d at 1101. If claimant does not have the RFC to work in any available jobs, she is considered disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In applying for disability insurance benefits, Plaintiff alleged the following disabling severe impairments: anxiety, degenerative disk disease, depression, scoliosis, arthritis, and high blood pressure. (A.R. 130.) Additionally, at the hearing before the ALJ on March 28, 2012, Plaintiff testified that she has pain in her left knee and in her back. (A.R. 37—38.) Plaintiff claimed that as a result of her depression, she would lay down throughout the day and not socialize with friends. (A.R. 41.)

The ALJ applied the five-step evaluation process to determine whether Plaintiff was disabled. (A.R. 13—21.) At step one, the ALJ determined that Plaintiff was not engaged in any "substantially gainful activity." (A.R. 13.) At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disk disease of the lumbar spine with radiculopathy, depressive disorder, and mood disorder. (Id.) At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal a medical listing found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 13—14.)

Next, before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform unskilled, light work with the following limitations:

> lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 1/2 an hour at a time for a total of 4 hours in an 8-hour workday, sit 1/2 an hour at a time for a total of 4 hours in an 8-hour workday, occasional

stooping, kneeling, crouching and crawling and, mentally, she is limited to unskilled work with no contact with the general public and can only perform work in solitary and not in coordination with others.

(A.R. 15.)   The ALJ based the finding of Plaintiff's RFC on the opinions of: Dr. Hoang, an orthopedic consultant; Dr. El-Khoury, a pain management doctor; Dr. Bagner, III, a psychiatric consultant; and Dr. Xie, a neurologist.   (A.R. 15—19.)

At step four, the ALJ concluded, based on the testimony of the vocational expert ("VE"), that Plaintiff could no longer work as a proof machine operator and had no transferable skills from that job. (A.R. 20.)

At step five, the ALJ summarized the VE's testimony, stating that the VE had found that Plaintiff could perform the following jobs identified in the Dictionary of Occupational Titles ("DOT"): (1) inspector/hand packager (DOT No. 559.687—074); (2) marker II (DOT No. 920.687-126); or (3) assembler of small products II (DOT No. 379.687-030).   (A.R. 21.)   The ALJ then relied on the VE's testimony, along with Plaintiff's age, education, work experience, and RFC, to conclude that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."   (See id.)   Accordingly, the ALJ found that Plaintiff was "not disabled."   (Id.)

/ /

/ /

/ /

/ /

**STANDARD OF REVIEW**

This court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) The Administration used proper legal standards. Smolen, 80 F.3d at 1279. "Substantial evidence is more than a scintilla, but less than a preponderance." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). To determine whether substantial evidence supports a finding, "a court must consider [] the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). As a result, "[i]f evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a] court may not substitute its judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that there is an inconsistency between the ALJ's RFC assessment, which limits Plaintiff to work that is "solitary and not in coordination with others," (A.R. 15), and the ALJ's finding that Plaintiff can perform the jobs identified by the VE. (Joint Stip. 2—8.) Plaintiff explains the inconsistency by citing to the DOT, which indicates that each of the jobs identified by the VE requires some degree of interaction with people (*e.g.*, taking instructions from, or helping, other people). (Joint Stip. 4—7.)

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the Commissioner's findings are supported by substantial evidence and are free from material[1] legal error.

The ALJ found that Plaintiff's function report, dated May 18, 2011, indicated she had no problem getting along with family, friends, neighbors, or others, and she has never been fired or laid off from a job because of problems getting along with other people. (A.R. 19, 180, 181.) Moreover, the ALJ noted that when Dr. Bagner performed a psychiatric consultative evaluation of Plaintiff on February 5, 2011, he stated that "Plaintiff would have no limitations interacting with supervisors, peers and the public." (A.R. 16.)

During the hearing on March 28, 2012, Plaintiff testified that as a result of pain in her back and depression, she lays down a lot during the day and avoids socializing. (A.R. 38—39, 41, 42.) She also testified that she had "extreme anxiety" and "fe[lt] very nervous a lot." (A.R. 32.) Accordingly, the ALJ presented a hypothetical to the VE that included all of Plaintiff's physical and mental limitations, including limitations involving social interactions (*i.e.*, contact with the general public and coordination with other individuals). (A.R. 47—49.) The ALJ explained to the VE

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (stating that an ALJ's decision will not be reversed for errors that are harmless).

the limitation with regard to Plaintiff's social interactions as follows:

> I'm going to limit contact with people and make that--I'm, I'm just going to eliminate contact with the, the general public.
>
> And the work should be solitary, not in coordination with other individuals, *although can certainly be around other individuals*. It's just the work doesn't, doesn't – should not require the Claimant to finish one part of work, someone else can start the next part, and have a requirement of communication between the two parties.

(A.R. 49 (emphasis added).) The VE then testified that a hypothetical person with Plaintiff's limitations could perform various unskilled, light exertional jobs, including that of an inspector/hand packager, marker II, and assembler of small products II. (A.R. 50—51.)

After considering Plaintiff's testimony at the hearing that she is very anxious and nervous, the ALJ gave Plaintiff "the benefit of doubt" and determined that her RFC should contain the following limitation: "no contact with the general public and can only perform work in solitary and not in coordination with others." (A.R. 15.) The ALJ then found, based on the VE's response to his hypothetical at the hearing, that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (A.R. 21.)

Plaintiff incorrectly characterizes her RFC, stating that the limitation requires her to work in "complete isolation" and "avoid all contact with coworkers." (Joint Stip. 4.) However, as the ALJ

explained in the hearing, the RFC limitation does not preclude Plaintiff from being around other people. Rather, it merely requires that the job not involve communication between Plaintiff and another party in order to finish their work.

Plaintiff contends that an ALJ cannot rely on expert testimony that contradicts the DOT unless the record contains persuasive evidence to support the decision. (Joint Stip. 3 (citing Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997)).) However, Plaintiff fails to demonstrate that any actual or apparent conflict exists between the VE's testimony and the DOT. As Plaintiff notes herself, the DOT assumes that "every job requires a worker to function, to some degree, in relation to Data, People, and Things." See DOT, Appendix B, Explanation of Data, People, and Things (4th ed. Rev. 1991). DOT job descriptions are assigned a numeric code signifying the degree of interaction required for each of the three categories. (See id.) The DOT describes each of the three jobs identified by the VE as requiring a level eight ability to function in relation to people. (Id.) Level eight is the lowest rating possible for interacting with people, and merely requires taking instructions or helping other people. (Id.) This definition is consistent with the VE's testimony that a hypothetical person with Plaintiff's social limitations can perform those jobs.

Moreover, the ALJ properly relied on the VE's testimony because the hypothetical presented to the VE considered all of the claimant's limitations that were supported by the record. See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (considering VE testimony

10

reliable if the hypothetical posed includes all of claimant's functional limitations, both physical and mental supported by the record); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony").

**CONCLUSION**

There is no inconsistency between the ALJ's RFC assessment and finding that Plaintiff can perform the jobs identified by the VE. Accordingly, the ALJ's decision was supported by substantial evidence in the record.

**ORDER**

For all of the foregoing reasons, this Court affirms the decision of the Administrative Law Judge.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2014.

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE